# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHERI BRUCE,

    Plaintiff,

v.

HOMEFIELD FINANCIAL, INC., *et al*.,

    Defendants.

Case No. 2:10-CV-2164-KJD-PAL

**ORDER**

    Presently before the Court is Defendant Quality Loan Service Corporation's Motion to Dismiss (#7). Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Specialized Loan Servicing, LLC ("Specialized") filed a Joinder (#10) to the motion to dismiss. Plaintiff filed a response in opposition (#15) to which Defendant Quality replied (#16).

I. Facts

    On or about July 26, 2006, Plaintiff executed a Deed of Trust securing financing for real property located at 2914 Currant Lane, Henderson, Nevada ("the Property"). The Deed of Trust and associated Note required Plaintiff to repay the sum of $213,600.00 in monthly installments to the lender, Defendant Homefield Financial, Inc. ("Homefield").

    On September 10, 2009, Plaintiff filed a Chapter 7 bankruptcy case in the District of Nevada. Plaintiff received a Chapter 7 bankruptcy discharge on December 16, 2009. On August 10, 2010,

Defendant Quality Loan Service Corporation ("Quality"), as agent for beneficiary, recorded notice of default and election to sell due to Plaintiff's default on her obligations under the Note and Deed of Trust beginning on or about June 1, 2009.  On August 23, 2010, the Deed of Trust was assigned to Deutsche Bank National Trust Company ("Deutsche Bank"), acting as the new trustee.  The assignment was executed by Defendant MERS, acting as nominee for Homefield.

On September 3, 2010, Specialized, acting as agent for Deutsche Bank, substituted Quality as Trustee.  Quality recorded Notice of Trustee's Sale on December 7, 2010, setting December 27, 2010 as the date for public auction.  On December 27, 2010, the Property was sold to third-party, Appleton Properties, LLC.  The Trustee's Deed Upon Sale was recorded on January 19, 2011.  Plaintiff filed the present complaint on December 14, 2010.  Defendant Quality then filed the present motion to dismiss asserting that Plaintiff's bankruptcy discharge acts as judicial estopple to her Truth-in-Lending Act ("TILA") claims, Plaintiff's fraud claims fail because MERS is not required to be licensed in Nevada, and the wrongful foreclosure claims are meritless.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

    A.  TILA Claims

When a bankruptcy petition is filed, an "estate" is created, consisting of all of the debtor's interests, both legal and equitable, in all property, both tangible and intangible. 11 U.S.C. § 541(a); Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993); In re Suter, 396 B.R. 535, 540-41 (D. Nev. 2008). Thereafter, the property of the estate is distinct from the property of the debtor. See id. at 541. In general, causes of action existing at the time the bankruptcy petition is filed are considered property of the estate. See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986). A debtor is "precluded from pursuing claims" that she did not disclose during her bankruptcy proceedings. Hamilton v. State Farm, 270 F.3d 778, 783 (9th Cir. 2001).

Accordingly, Plaintiff's allegation of predatory lending and TILA violations must be dismissed because they are property of the estate, properly brought by the trustee. See Fed. R. Civ. P. 17 ("[a]n action must be prosecuted in the name of the real party in interest"). Furthermore, Plaintiff failed to disclose the claims during her bankruptcy proceedings and, therefore, is precluded from pursuing them now. See Hamilton, 270 F.3d at 783.

Furthermore, even if Plaintiff could pursue the claims, the statute of limitations bars them from being brought now. Plaintiff's claims under TILA are subject to a one-year statute of limitations. See 15 U.S.C. §1640(e); Cervantes v. Countrywide Home Loans, Inc., — F.3d —, 2011 WL 3911031 *8 (9th Cir. September 7, 2011). The limitations period began to run when Plaintiff executed her loan documents, because she should have discovered the alleged disclosure violations and discrepancies at that time. See id. The running of the limitations period is apparent on the face

3

of the complaint because Plaintiff obtained the loan on or about July 26, 2006 and the present action was not filed until December 14, 2010.  Accordingly, Plaintiff's claims for predatory lending and TILA violations are dismissed.

### B.  Fraud

Plaintiff's second cause of action for fraud against MERS is based upon the allegation that MERS executed the assignment of the Deed of Trust, and, therefore, was doing business in Nevada without being licensed.  However, Nevada has specifically excluded activities including: "(a) maintaining, defending, or settling any proceeding . . . (g) creating or acquiring indebtedness mortgages and security interest in real or personal property, (h) securing or collecting debtrs or enforcing mortgages and security interests in property securing the debts." NRS § 80.015.  MERS' actions, which were directed at enforcing mortgages and protecting security interests in real property fall within the exemptions of the Nevada statute.  See Ernestberg v. Mortgage Investors Group, 2009 WL 160241, *6 (D. Nev. Jan. 22, 2009).  Thus, MERS was not required to register with the Nevada Secretary of State.  Therefore, the Court dismisses Plaintiff's fraud claim.

### C.  Wrongful Foreclosure

Essentially, Plaintiff claims that Defendants wrongfully foreclosed on the Property, because the loan had been securitized, no party was properly authorized to act on behalf of the note holder or beneficiary, and therefore, no actions were taken in compliance with the Nevada statute, NRS § 107.080, authorizing non-judicial foreclosure.  However, after examining each document referenced in or attached to Plaintiff's complaint, the Court can find no deficiency in the assignments of the Deed of Trust, substitutions of Trustee, or notices required in Nevada statute.  Each party that acted was authorized to take those actions by the contract, the Deed of Trust and Note, that Plaintiff executed.  Furthermore, Plaintiff's claims regarding securitization of the Note and the involvement of MERS, acting as a nominee of the Lender, have been foreclosed by the Ninth Circuit.  See Cervantes v. Countrywide Home Loans, Inc., — F.3d —, 2011 WL 3911031 *8 (9th Cir. September 7, 2011).

Thus, unless Plaintiff alleges that MERS initiated foreclosure in its own name, or that state recording and foreclosure statutes had been violated, Plaintiff's claims cannot stand. See Cervantes, at *7. Here, Plaintiff does not allege that MERS initiated foreclosure in its own name. Furthermore, the Court's review of the Deed of Trust and judicially noticed, recorded documents demonstrates no defect as alleged by Plaintiff. Finally, Plaintiff's wrongful foreclosure claims fail, because Plaintiff does not dispute that she is in default and cannot cure the default. Nevada recognizes the tort claim of wrongful foreclosure where a homeowner alleges that a lender wrongfully exercised the power of sale and foreclosed upon her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). However, Plaintiff does not dispute her delinquency on the mortgage. Therefore, the Court dismisses Plaintiff's claim for wrongful foreclosure.[1]

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Quality Loan Service Corporation's Motion to Dismiss (#7) is **GRANTED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 23rd day of September 2011.

_____
Kent J. Dawson
United States District Judge

---

[1] To the extent that Plaintiff claims that Defendants have violated 18 U.S.C. § 1344, the Court must dismiss this claim, because there exists no private right of action under this federal, criminal statute.